UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOIS JONES, | ) |
| Plaintiff, | ) 07 C 207 |
| v. | ) Honorable Charles R. Norgle |
| STEVEN M. RAVID, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant Steven M. Ravid's Motion to Dismiss. For the following reasons, the Motion is granted.

## I. BACKGROUND

### A. Facts

In her pro se Complaint at Law, Plaintiff Lois Jones ("Jones") alleges the following facts. On August 23, 2006, Jones went to the Illinois First Appellate District Court Clerk's Office in order to request the transfer of a case file to the Northern District of Illinois. The Appellate Court Clerk's Office is charged with the responsibilities of, *inter alia*, docketing, numbering, assigning, and managing cases for the Appellate Court. See Rules of the Appellate Court of Illinois First District. The case file that Jones had requested was <u>Estate of James Trask, Sr.</u>, 02 P 2114, in the Illinois State Probate Court. Trask was Jones' father.

1

Jones alleges that she asked to review the case file, and someone in the Clerk's Office complied with her request and brought the file to her. While reviewing the file, Jones alleges that she found a note that stated, "Do not file any motions or any[thing] for this person, you must see me and or Sandy first. Steve Ravid." Jones alleges that she then requested a copy of this note, but was informed that she would have to pay fifty cents for the copy. Jones alleges that she did not have fifty cents in her possession at that time, and asked to see a supervisor. At this point, Jones alleges, Defendant Steven Ravid ("Ravid"), the Clerk for the First Appellate District Court, approached her and grabbed the file from her arms. In retrieving the file, Jones alleges, Ravid twisted her right arm and wrist. Jones alleges that she proceeded to the Northwestern Hospital for treatment, but she does not specify what injuries, if any, she suffered. Jones has not submitted any medical records relating to this incident to the court.

Jones also alleges that Ravid has "personally involved himself in every case that she filed with the Appeals Court," and "deliberately intervened" in her father's probate case. Compl., Count II, ¶¶ 3-4. Jones further alleges that Ravid "did engage in unlawful procedures and is able to get an Appeals judge to sign an order in his favor and against any person at the drop of a hat." Id., ¶ 5. In addition, Jones alleges that Ravid "involved himself in a SHAM with certain other clerks and judicial officers in order to harm the Plaintiff." Id., ¶ 6.

## B. Procedural History

Jones, appearing pro se, filed her Complaint at Law in the Northern District of Illinois on January 19, 2007.[1] The Complaint in its entirety is brought pursuant to 42 U.S.C. § 1983.

---

[1] The court notes that Jones has another case pending before the district court, Jones v. Douglas, et al., No. 04 C 3285.

Jones seeks only damages in this suit. See Lapides v. Bd. of Regents, 535 U.S. 613, 617 (2002). Count I of the Complaint alleges Assault and Battery. Count II alleges Conspiracy and Fraud. Jones brings this action against Ravid in both his personal and professional capacity. Ravid filed a Motion to Dismiss on April 30, 2007. The Motion is fully briefed and before the court.[2]

## II. DISCUSSION

### A. Standard of Decision

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

> [P]leadings in federal court need not allege facts corresponding to each element of a statute. It is enough to state a claim for relief - and Fed. R. Civ. P. 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. . . Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of.

Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

---

[2] After reviewing Defendant's Reply in Support of Motion to Dismiss, the court admonishes counsel for Defendant to follow Local Rule 5.2(b)(1) regarding font size in documents submitted to the court. Local Rule 5.2(b)(1) reads in part, "[w]here [a document] is typed or printed, the size of the type in the body of the text shall be 12 points . . . .". Local Rule 5.2(d) provides that "[a]ny document that does not comply with this rule shall be filed subject to being stricken by the court." This is not the first time the Illinois Attorney General's Office has submitted documents to the court that fail to comply with Local Rule 5.2(b)(1).

When reviewing a motion to dismiss under Rule 12(b)(6), a court therefore merely looks to the sufficiency of the complaint. Autry v. Northwestern Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). In examining a motion to dismiss, a court should "accept all well-plead allegations in the complaint as true," Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004), and view "plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff." Yasak v. Ret. Bd. of the Policemen's Annuity Fund, 357 F.3d 677, 678 (7th Cir. 2004). Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Weizeorick v. Abnamro Mortgage Group, Inc., 337 F.3d 827, 830 (7th Cir. 2003). Put another way, "[d]ismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." Flannery, 354 F.3d at 637.

Federal Rule of Civil Procedure 9(b) provides, in part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This Rule assures that Plaintiffs alleging fraud will undertake a "precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 468 (7th Cir. 1999). Allegations of fraud must therefore include "the who, what, where, and when of the alleged fraud . . . ." Id.; see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Allegations of conspiracy need not meet the requirements of Rule 9(b), but Plaintiffs may not allege a "bare claim of 'conspiracy' wholly uninformative to the defendant . . . That is why courts require the plaintiff to allege the parties, the general purpose, and the approximate date of

4

the conspiracy." Loubser v. Thacker, 440 F.3d 439, 442-43 (7th Cir. 2006) (internal citations omitted).

**B. Defendant's Motion to Dismiss**

In Count I of her Complaint, brought pursuant to 42 U.S.C. § 1983, Jones alleges that Ravid assaulted and battered her during an apparent struggle over a piece of paper in a case file. Jones alleges that this assault and battery consisted of Ravid twisting and grabbing her right arm and wrist. Compl., Count I, ¶ 6.

Section 1983 provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A plaintiff has a cause of action under § 1983 if he or she can "demonstrate that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law." Vasquez v. Hernandez, 60 F.3d 325, 328 (7th Cir. 1995). A § 1983 plaintiff must therefore make two allegations in order to properly state a cause of action. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). In analyzing § 1983 claims, courts are directed to first "identify the specific constitutional right which was allegedly violated." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997); Vasquez, 60 F.3d at 328.

In Count I of her Complaint, Jones has failed to allege that anyone deprived her of a constitutional right. In other words, Jones has not identified any "specific constitutional injury" that she has suffered. See Vasquez, 60 F.3d at 328. At best, Jones has alleged a state law claim for assault and battery. Where a violation of state law may have occurred, potential remedies lie within the state court system if the parties are not diverse. See Germano v. Winnebago County, Illinois, 403 F.3d 926, 929 (7th Cir. 2005). Litigants may not use "§ 1983 as just another opportunity . . . to shop between state and federal forums." Id.; see also Goros v. County of Cook, 489 F.3d 857, 860 (7th Cir. 2007). Jones has not made a "serious claim under the Constitution" or federal law in Count I of her Complaint. See Goros, 489 F.3d at 860. The court therefore dismisses Count I of her Complaint.

In Count II of her Complaint, Jones alleges that Ravid is somehow involved in conspiracy and fraud designed to harm her. However, Jones has not alleged the "the who, what, where, and when of the alleged fraud . . . .". See Ackerman, 172 F.3d at 468. Jones alleges, *inter alia*, that Ravid "has been operating a Sham out [of] the Appeals Office[] as it relates to Plaintiff's Claims, wills, estates," and that "Defendant personally involved himself in every case that she filed with the Appeals Court and needless to say every appeal was dismissed." Compl., Count II, ¶¶ 2-3. Even construing Jones' pro se pleadings liberally, as the court must, see Lockhart v. Sullivan, 925 F.2d 214, 216 (7th Cir. 1991), the court finds that Jones has failed to meet the heightened pleading standards of Rule 9(b) regarding fraud. See Ackerman, 172 F.3d at 468. Jones has also failed to allege sufficient information to make out a case for conspiracy. Jones merely alleges "that the Defendant involved himself in a SHAM with certain other clerks and judicial officers in order to harm the Plaintiff." Compl., Count II, ¶ 6. Jones has not alleged "the parties, the general

purpose, and the approximate date of the conspiracy." See Loubser, 440 F.3d at 442-43. The court therefore dismisses Count II of her Complaint.

The court also notes that Jones has sued Ravid in both his personal and professional capacities. A suit brought against a government official in his or her official capacity is the equivalent of a suit brought against the governmental agency itself. In other words, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Ky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978)). Courts are therefore to treat an official capacity suit "as a suit against the entity." Id. at 166. The court thus treats Jones' suit against Ravid in his official capacity as a suit against the Illinois First Appellate District Court Clerk's Office. Because the Illinois First Appellate District Court Clerk's Office is a part of the State of Illinois, in suing Ravid in his official capacity, Jones has effectively sued the state of Illinois.

The Supreme Court has held that an unconsenting state cannot be sued in federal court. Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984) ("an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."). This Eleventh Amendment bar to federal jurisdiction over states and state agencies is well-established law. See Kroll v. Bd. of Trs. of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991); Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 788 (7th Cir. 1995); Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992); Baxter v. Vigo County, 26 F.3d 728, 731 (7th Cir. 1994). The State of Illinois has not consented to this suit. Moreover, as a part of the State of Illinois, the Illinois First Appellate District Court Clerk's Office "is not a 'person' within the meaning of § 1983." Small

v. Chao, 398 F.3d 894, 898 (7th Cir. 2005). Jones therefore could not have proceeded with her suit against Ravid in his official capacity, regardless of whether her allegations withstood Defendant's Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: October 26, 2007